UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SHAPIRO,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY OF CARLSBAD, et al.,<br><br>          Defendants. | CASE NO. 11cv1080 DMS (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Docket No. 41] |

This matter comes before the Court on Plaintiff's motion for leave to file a Second Amended Complaint. Plaintiff filed his original motion on October 27, 2011,[1] and Defendant City of Carlsbad ("Defendant") filed an opposition on November 3, 2011. On November 10, 2011, Plaintiff filed an amended motion, to which Defendant filed an opposition and Plaintiff filed a reply. For the reasons discussed below, the Court grants in part and denies in part Plaintiff's motion.

**I.**

**BACKGROUND**

On March 11, 2011, Plaintiff, proceeding *pro se*, filed the present case in San Diego Superior Court. In the original Complaint, Plaintiff alleged ten claims for relief: (1) violation 42 U.S.C. § 1983,

---

[1] Generally, Plaintiff calls the Court before filing motions to obtain a hearing date. In this instance, the Court declined to give Plaintiff a hearing date and informed him that the Court would handle the matter on an *ex parte* basis. Therefore, the Court overrules Defendant's objection to Plaintiff's motion on the ground Plaintiff failed to obtain a hearing date.

(2) violation of the California Constitution, (3) violation of California's Brown Act, (4) false arrest, (5) false imprisonment, (6) civil assault and battery, (7) invasion of privacy, (8) malicious prosecution, (9) civil conspiracy and (10) intentional infliction of emotional distress. Defendant removed the case to this Court on May 17, 2011, and filed its Answer on May 23, 2011.

On September 29, 2011, Plaintiff filed a First Amended Complaint ("FAC"). The FAC adds a number of individual Defendants and omits a number of claims, including Plaintiff's claim for malicious prosecution. Along with the FAC, Plaintiff filed a motion for relief pursuant to California Government Code § 946.6(a). The following day, Plaintiff filed a motion for summary judgment.

On October 21, 2011, Defendant filed a motion for judgment on the pleadings and a motion to dismiss the FAC. The present motion followed.

## II.

## DISCUSSION

Plaintiff seeks leave to file a Second Amended Complaint to add seven individual Defendants and to reassert his malicious prosecution claim. Defendant opposes the motion on two grounds: First, it argues the Court should not consider Plaintiff's motion until all Defendants named in the First Amended Complaint have been served and appeared in this case. Second, Defendant asserts it would be futile to allow Plaintiff to allege a claim for malicious prosecution, therefore that request should be denied.

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In accordance with this Rule, the Supreme Court has stated,

> in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc.* -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Of these factors, the Ninth Circuit has stated "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing the amendment bears the burden of showing prejudice. *DCD*

1  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987).  Absent prejudice, or a strong showing
2  of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting
3  leave to amend.  *Eminence Capital*, 316 F.3d at 1052.

4      As stated above, Defendant's first argument in support of its opposition to Plaintiff's motion is
5  that Plaintiff should be required to serve all Defendants named in the FAC prior to the Court granting
6  Plaintiff leave to file a Second Amended Complaint.  Notably, Defendant fails to cite any rule or case
7  law that imposes this requirement.  Therefore, this argument does not warrant denial of the motion.

8      The only other argument Defendant raises in opposition to the motion is one of futility.
9  Specifically, Defendant asserts it would be futile to allow Plaintiff to allege a claim for malicious
10 prosecution because it would be absolutely immune from that claim and because Plaintiff failed to file
11 a government claim for malicious prosecution.  Defendant is correct that it is entitled to absolute
12 immunity from Plaintiff's malicious prosecution claim.  *See* Cal. Govt. Code § 821.6; *Asgari v. City of*
13 *Los Angeles*, 15 Cal. 4th 744, 753 n.7 (1997).  Under these circumstances, it would be futile to allow
14 Plaintiff leave to amend to add this claim.  *See Hutt v. Pierce County*, No. C09-5271BHS, 2010 WL
15 1410710, at *2 (W.D. Wash. Apr. 1, 2010) (finding amendment would be futile where court dismissed
16 claim based on finding of absolute immunity).  Accordingly, Plaintiff's request for leave to file a Second
17 Amended Complaint that includes a claim for malicious prosecution is denied.  Otherwise, Plaintiff's
18 motion for leave to file a Second Amended Complaint is granted.

### III.

### CONCLUSION

21 For these reasons, the Court grants in part and denies in part Plaintiff's motion for leave to file
22 a Second Amended Complaint.  Specifically, the Court grants the motion to the extent Plaintiff wishes
23 to name additional individual Defendants, but denies the motion to the extent Plaintiff wishes to add a
24 claim for malicious prosecution.  Plaintiff shall file a Second Amended Complaint in accordance with
25 this Order on or before December 16, 2011.  Plaintiff is reminded that his Second Amended Complaint
26 / / /
27 / / /
28 / / /

1 | "must be retyped and filed so that it is complete in itself without reference to the superseded pleading."
2 | Civil Local Rule 15.1.
3 | **IT IS SO ORDERED**.
4 | DATED: December 7, 2011

HON. DANA M. SABRAW
United States District Judge