UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. SHAPIRO,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CITY OF CARLSBAD, et al.,<br><br>　　　　　Defendants. | CASE NO. 11cv1080-DMS (MDD)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE<br><br>[Doc. No. 60] |

On December 9, 2011, Plaintiff brought the instant Motion to Recuse. (Doc. No. 60). On December 23, 2011, Defendants filed a Response in Opposition to Plaintiff's motion. (Doc. No. 74). Plaintiff filed a Reply on December 28, 2011. (Doc. No. 83). For the reasons that follow, Plaintiff's motion is DENIED.

**I. BACKGROUND**

On November 30, 2011, the Court conducted a telephonic Case Management Conference (CMC) in this case. (Doc. No. 50). As noted in the Court's previous Order, Plaintiff expressed his desire to record the conference. The Court indicated it would not allow Plaintiff to record the conference. Contrary to Plaintiff's assertion that he "immediately stated he would be happy to turn the recorder off," Plaintiff made a statement to the effect that the Judge's denial of Plaintiff's recording request was just another attempt to keep him from getting evidence against the Government. It was at that time the Court decided to conduct the CMC in Court so an

1  official record could be made. See Order of November 30, 2011.   Rather than allow Plaintiff to
2  engage in a prolonged diatribe the Court decided to conclude the telephonic conference and
3  reset the CMC to a time and place when a full record of the proceedings could be made and a
4  transcript would be available to all.

5  On December 9, 2011, Plaintiff filed the instant Motion to Recuse.  (Doc. No. 60).
6  Plaintiff alleges that the Court should be recused on the ground that the Court has no legal or
7  ethical right to prohibit the recording of a "public interaction" "other than in a court building..."
8  (Pl's Mtn. at 4).   Other than providing five pages of vituperative asseveration, Plaintiff offers no
9  supporting law or evidence to substantiate his claim.  The Court will construe Plaintiff motion
10 pursuant to 28 U.S.C. §§ 144 and 455.

11 **II. APPLICABLE LAW**

12 The court has various internal mechanisms to reduce the risk of conflict.  *In Re Bernard*,
13 31 F.3d 842, 843 (9th Cir. 1994).  "If a judge notices a conflict in a case already assigned to
14 him, he usually removes himself long before the parties learn of the assignment." *Id*.  Despite
15 these precautions, occasionally a party comes to believe that a judge should be disqualified from
16 his case. *Id*.

17 Recusal is governed in federal cases by the application of 28 U.S.C. §§ 144 and 455.
18 The Ninth Circuit has held that the "substantive standard for recusal under 28  U.S.C. § 144 and
19 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts
20 would conclude that the judge's impartiality might reasonably be questioned.'" *U.S. v.*
21 *Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam) (quoting *U.S. v. Studley*, 783
22 F.2d 934, 939 (9th Cir. 1986).  This objective inquiry should be made from the perspective of a
23 reasonable observer who is fully informed "of all the surrounding facts and circumstances."
24 *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (denying direct appeal and
25 denying certiorari) (separate statement of Chief Justice Rehnquist considering
26 self-disqualification); *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) ("The
27 reasonable third-party observer is not a partly informed man-in-the-street but rather someone
28 who understands all the relevant facts and has examined the record and law.") (internal

1  quotations omitted).  Put differently, the reasonable person in this context means, "a
2  well-informed, thoughtful observer as opposed to a hypersensitive or unduly suspicious person."
3  *Clemens v. U.S. District Court for the Central District of Ca.*,428 F.3d 1175, 1178 (9th Cir.
4  2005) (citations and internal quotations omitted).

5  Pursuant to 28 U.S.C. 144, the party seeking recusal is responsible for filing a timely and
6  sufficient affidavit showing the judge's bias or prejudice in accordance with the statute.  Further,
7  § 144 provides that the Court is to disqualify itself on the question of recusal if a legally
8  sufficient affidavit is submitted.  *U.S. v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976).

9  In addition, 28 U.S.C.§ 455 provides that recusal motions "must be decided by the very
10 judge whose impartiality is being questioned".  *In Re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994)
11 citing, *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).   The inquiry covers a judge's
12 interests, relationships, biases, or prejudices and requires them "to be evaluated on an objective
13 basis."  *Liteky v. United States*, 510 U.S. 540, 548 (1994).

### III. ANALYSIS

#### A.    Title 28 U.S.C. § 455

The Court finds recusal under 28 U.S.C. § 455 is not required based upon Plaintiff's motion.  Considered as a whole, Plaintiff appears distressed that the Court declined to allow the tape recording of the telephonic case management and further declined to allow Plaintiff to go off on a tangent about general judicial authority.  (Doc. No. 30 at 2).  An unfavorable ruling against Plaintiff is not a factual basis which shows bias.  If that were the case, the losing party at every dispute would have reason to claim the judge was biased.

Plaintiff's motion for recusal is not supported on any other grounds commonly addressed in a § 455 inquiry.  Plaintiff has not presented any evidence of close relationships with the parties or the attorneys in the case, any financial interest in the outcome of the case or any political interest in the outcome of the case.  The Court specifically denies Plaintiff's allegation that the Court sought to punish Plaintiff by making him appear in person despite knowing "full well...that it's a major hardship for [Plaintiff] to get down town [sic] for hearings that could otherwise be decided without an appearance or an appearance over the phone."  (Doc.

No. 60 at 5). Indeed, nothing has transpired in this case that would require recusal.

### B. Title 28 U.S.C. § 144

Recusal under 28 U.S.C. § 144 is also not supported by Plaintiff's motion. Not only does Plaintiff's motion fail by the same reasonable observer standard as § 455, Plaintiff has failed to satisfy a threshold requirement unique to § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Title 28 U.S.C. § 144. As discussed above, it is for this Court to determine, in the first instance, whether Plaintiff's affidavit provides sufficient facts to warrant a further inquiry by another Court regarding recusal. *See U.S. v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976). This Court finds Plaintiff's allegations, addressed herein, wholly insufficient to generate any reasonable belief that the Court is biased or prejudiced against Plaintiff.

### IV. CONCLUSION

Plaintiff's Motion for Recusal is hereby DENIED.

IT IS SO ORDERED.

DATED: December 29, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge