# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD SHAPIRO, | CASE NO. 11cv1080 JAH (MDD) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR THE COURT TO APPOINT AN EXPERT |
| v. | |
| CITY OF CARLSBAD, *et al.*, | [DOC. NO. 108] |
| Defendants. | |

Before the Court is Plaintiff's *ex parte* motion to have the court appoint an expert regarding damages purusant to Fed.R.Ev. 706. (Doc. No. 108). Plaintiff asserts that because he is indigent and proceeding *in forma pauperus* and the Defendant City of Carlsbad has identified two damages experts, that a court-appointed expert is necessary in the interests of justice. For the reasons set forth below, the motion is DENIED.

<u>Background</u>

Plaintiff has alleged violations of his constitutional rights stemming, for the most part, from his removals from meetings of the Carlsbad City Council and subsequent arrest. Plaintiff filed his initial complaint in Superior Court for the County of San Diego. The case was removed to this Court by the Defendant City of Carlsbad on May 17, 2011. (Doc. No. 1). Plaintiff filed his First Amended Complaint on September 29, 2011. (Doc. No. 20). On December 13, 2011, Plaintiff filed his Second Amended Complaint, which is now the operative pleading, against the City of

1  Carlsbad, individual City Council members, the City Attorney, the City Manager and twelve police
2  officers.  (Doc. No. 62).
3      Pending before the District Court are Plaintiff's motion for relief under California
4  Government Code 946.6 (Doc. No. 23) and for summary judgment (Doc. No. 77).  Also pending
5  before the District Court are Defendant City of Carlsbad motions to stay proceedings pursuant to
6  the *Younger* abstention doctrine (Doc. No. 65) and to dismiss (Doc. No. 66).  The individual
7  Defendants have pending a motion to dismiss.  (Doc. No. 85).

                                   Discussion

9      Fed.R.Ev. 706 allows courts, in certain limited circumstances, to designate an expert
10 witness.  The expert must consent to the appointment, provide his or her findings to the parties,
11 submit to deposition and may be called as a trial witness by any party or by the court.  *Id.*  The
12 decision to appoint an expert witness lies within the discretion of the court and is based upon such
13 factors as the complexity of the matters to be determined and the court's need for a neutral, expert
14 view.  *See Carranza v. Fraas,* 763 F.Supp.2d 113, 119 (D.D.C. 2011).  Courts do not, however,
15 appoint expert witnesses for the purpose of assisting a litigating party.  *Id.*
16     Plaintiff is looking to the court to appoint an expert to provide an independent analysis of
17 the damage claimed by Plaintiff; to provide a "second opinion" to whatever opinions are rendered
18 by Defendants' experts; and, to provide a countering opinion where fair and necessary to the "for-
19 profit experts the Defendants have hired via their incalculably superior resources . . . ."  (Doc. No.
20 108 at 2).
21     The Court finds that, at least at this stage of the proceedings, it has no need for a court-
22 appointed independent expert on the issue of damages.  This litigation is in its early stages and, as
23 provided above, has two dismissal motions and one motion to stay pending, in addition to other
24 potentially dispositive motions.  Damages are not yet in the equation.  Moreover, the Court finds
25 that there is insufficient reason to believe that the issue of damages will be so complex as to
26 require an expert to assist the Court.
27     Also, as discussed above, it is not the purpose of Rule 706 for the Court to provide an

expert to a litigant or to provide countering opinions or second opinions in support of a particular litigant. To the extent that the Court would consider appointing an expert, it would be to assist the Court in determining a complex matter or to provide to the Court a neutral view. This case is not yet ripe for such a determination. And, Rule 706(a) provides that the Court can make such a determination for its own purposes without a motion by a party.

## Conclusion

Plaintiff's motion for appointment of an expert under Rule 706 is DENIED.

IT IS SO ORDERED:

DATED: February 7, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge