# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RICHARD SHAPIRO, | CASE NO. 11cv1080 CAB (MDD) |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY, FOR SANCTIONS, AND FOR AN INDEPENDENT MEDICAL EXAMINATION |
| v. | |
| CITY OF CARLSBAD, et al., | |
| Defendants. | [DOC. NO. 176] |

Before the Court is Defendants' motion to compel discovery and for sanctions for non-disclosure. Defendants also seek an order requiring Plaintiff to submit to an independent medical examination. As provided herein, the motion to compel complete disclosures under Fed.R.Civ.P. 26(a) is **GRANTED**. The motion to preclude from admission documents not produced under Rule 26(a)(ii) is **DENIED without prejudice.** The motion to compel an independent medical examination is **DENIED**.

    1.    <u>Rule 26(a) Disclosures</u>

Defendants assert that Plaintiff's disclosures made pursuant to Rule 26(a) are deficient. Defendants seek an order precluding the admission of documents not produced as required by Rule 26(a)(ii), and compelling Plaintiff to supplement his

disclosures under Rule 26(a)(iii) regarding damages.

Rule 26(a) provides for the required disclosures of four categories of information by each party without awaiting a discovery request.  Rule 26(a)(1)(C) governs the timing of the required disclosures (generally 14 days after the discovery conference under Rule 26(f)) and Rule 26(e) requires that the required initial disclosures be supplemented as necessary.

At issue here are the required initial disclosures under Rule 26(a)(ii) and (iii). Rule 26(a)(ii) requires the disclosure of:

> a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

In his supplemental initial disclosures, in his response number 1, Plaintiff identified documents, by Bates number, which had been produced by Defendants.  The Court finds that disclosure to be sufficient.  In his supplemental response number 2a, Plaintiff identified all paper and electronic documents denoted in Plaintiff's original and amended statement of undisputed facts and evidence in support of his motion for summary judgment.  Plaintiff explained that the data includes, but is not limited to, websites, digital audio files and DVDs.  Defendants assert that Plaintiff has failed to produce the underlying documentation and that the reference to this information is deficient.

The Court agrees that Plaintiff has not complied properly with the disclosure requirements of Rule 26(a)(ii) regarding disclosure 2a.  Plaintiff must produce, within 14 days of this Order, the underlying documents and data or risk having that evidence excluded in any hearing on the merits of this case.

Defendants also object to Plaintiff's supplemental disclosures 2b and 2c in which he identifies 50 digital audio files of conversations with his ex-wife and other audio files of city council meetings and identifies a binder of documents from the *Shapiro v Shapiro* case.  Plaintiff did not produce the underlying documents and

1  tapes. Plaintiff claims that the information may relate to impeachment but will only
2  be needed and used to refute any insinuation or initmation regarding Plaintiff's
3  veracity. (Doc. No. 177 at 2). As noted above, Rule 26(a)(ii) excludes from the
4  requirement of disclosure evidence that may used solely for impeachment. Unless
5  Plaintiff provides Defendants with the actual documents and tapes, he runs the risk
6  of being limited to using them for any other purpose. No further supplementation is
7  required from Plaintiff unless he intends to make evidentiary use of these materials
8  other than for impeachment. To the extent Plaintiff intends to use this material as
9  evidence in support of a claim, he must produce it to Defendants within 14 days of
10 this Order. By failing to comply, Plaintiff may be precluded from using this evidence
11 for any other purpose in connection with any hearing on the merits in this case.
12     More significantly, Defendants challenge Plaintiff's disclosures under Rule
13 26(a)(iii). Rule 26(a)(iii) requires the disclosure of

> a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered.

In his disclosures under this subsection, Plaintiff incorporated by reference the statement of damages attached to his second amended complaint. (Doc. No. 61 at 37). Having reviewed the statement of damages, particularly damage claims A through C, the Court finds that it is not a sufficient disclosure under Rule 26(a)(iii). Although it may qualify as a "computation," the statement of damages in the second amended complaint is conclusory and no basis for the computation is provided. Plaintiff must provide underlying documents, to the extent any exist, to support his computation. Such disclosures must be made within 14 days of the date of this Order. Should he fail to do so, Plaintiff may be precluded from using any such document to establish his damages at any hearing on the merits in this case.

     In his disclosure regarding damages number 2, Plaintiff also referred to

approximately 50 digital audio files of conversations with his ex-wife and other audio files of city council meetings. To the extent that Plaintiff intends to present any of these files in support of his damages claim, he must produce them to Defendants within 14 days of the date of this Order. Otherwise, Plaintiff may be precluded from introducing these files to document his damages at any hearing on the merits in this case.

2. <u>Independent Medical Examination</u>

Fed.R.Civ.P. 35(a) provides, in relevant part:

> When the mental or physical condition …of a party… is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner …. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Under this Rule, a party is entitled to conduct a mental examination of another party if the movant demonstrates that: (1) the plaintiff has placed his mental condition in controversy; and (2) good cause exists for the examination. *See, e.g., Schlagenhauf v. Holder*, 279 U.S. 104, 116-117 (1964); *Tan v. City and County of San Francisco, et al.*, 2009 U.S. Dist. LEXIS 21639 at *2-*3 (N.D.Cal. 2009); *Turner v. Imperial Stores, et al.*, 161 F.R.D. 89, 92 (S.D.Cal. 1995). Although there is a constitutional right to privacy, that right is "conditional rather than absolute" and "is waived when a plaintiff raised before the court issues concerning her mental and emotional condition and seeks damages for mental and emotional injuries." *Enwere v. Terman Assoc., LP, et al.*, 2008 U.S. Dist. LEXIS 101901 at*5 (N.D.Cal. 2008)(*citing Caesar v. Mountanos*, 542 F.2d 1064, 1066-70 (9th Cir. 1976). Rule 35 is to be "construed liberally to allow the examination." *Tan*, 2009 U.S. Dist. LEXIS 21639 at *5.

The initial inquiry in this case is whether Plaintiff has placed his mental condition sufficiently in controversy. A plaintiff puts his mental state in controversy

if one or more of the following aggravating factors are present: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; or (5) plaintiff concedes that her mental condition is "in controversy" within the meaning of Rule 35(a). See, e.g., *Tan*, 2009 U.S.Dist.LEXIS at *4; *Turner*, 161 F.R.D. at 98. Although mental state may not be "in controversy" where only "garden variety" emotional distress damages are claimed, presence of one of these factors is sufficient to place mental state in controversy. *See Ayat v. Societe Air France, et al.*, 2007 U.S.Dist.LEXIS 31285 (N.D.Cal 2007).

Defendants assert that Plaintiff has placed his mental condition in controversy within the meaning of Rule 35(a) referencing Plaintiff's second amended complaint wherein he claims $120,000 in damages, including $20,000 for emotional distress. (Doc. No. 61 at 37). Defendants also reference Plaintiff's Statement of Damages in which he claims that he suffered physical and emotional damage but was unable, due to his personal circumstances, to see a physician or mental health professional. (Doc. No. 76).

The Court finds that Plaintiff has not put his mental condition sufficiently in controversy to require an independent mental examination under Rule 35(a). Although Plaintiff has alleged intentional infliction of emotional distress, he has done so merely in a conclusory manner. Moreover, it appears to the Court that the claim, despite its verbage, really is nothing more than garden variety emotional distress allegedly caused by his 16 hours of incarceration and the bringing of criminal charges that later were dismissed.

Similarly, the Court finds that Plaintiff has not placed his physical condition sufficiently in controversy to merit an independent physical examination. The physical injuries alleged by Plaintiff, bruising and the like resulting from his incarceration and long walk home, are long past. A physical examination at this

1 point would be meaningless to determine the extent of injuries Plaintiff suffered in
2 2010.

3     If Plaintiff had put his physical or mental condition sufficiently in controversy,
4 the Court would move to the next inquiry.  The second and final inquiry is whether
5 there is good cause to order the examination.  A factor used by the courts to assess
6 "good cause" in this context is whether a party has alleged some type of ongoing
7 injury. See, e.g., Enwere, 2008 U.S. Dist. LEXIS 101901 at *8 (citing Bridges v.
8 Eastman Kodak Co., 850 F.Supp. 216, 221-22 (S.D.N.Y. 1994); Duncan v. Upjohn,
9 155 F.R.D. 23, 25 (D.Conn. 1994); (Hodges v. Keane, 145 F.R.D. 332, 334 (S.D.N.Y.
10 1993)(ordering mental examination where Plaintiff demonstrated ongoing mental
11 injury by alleging that her mental health injuries require "continuing medical
12 treatment"); Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D.Cal. 1995). If
13 a Plaintiff alleges ongoing mental injury or the likelihood of future mental distress,
14 there is typically good cause for a mental examination. See, e.g., Gabriel, 2007
15 U.S.Dist.LEXIS 89298 at * 5 (ordering an examination when plaintiff alleged
16 anticipated future emotional distress); Ayat, 2007 U.S.Dist.LEXIS 31285 at *11
17 (ordering mental examination when plaintiff stated that he "suffered and continues
18 to suffer from depression…").

19     Here, Plaintiff has not alleged ongoing physical or mental injury. Accordingly,
20 even if Plaintiff had placed his physical or mental condition sufficiently in
21 controversy the Court would not find good cause to order an independent medical
22 examination.

23 <u>Conclusion</u>

24     Accordingly, the motion to compel complete disclosures under Rule 26(a) is
25 **GRANTED**.  Plaintiff must make any additional required disclosures within 14 days
26 of the date of this Order or risk being precluded from introducing this evidence at any
27 hearing or trial on the merits in this case, except for impeachment.  Defendants'
28

motion to preclude the use of this evidence is **DENIED WITHOUT PREJUDICE**.

Defendants' motion for an independent medical examination is **DENIED**.

IT IS SO ORDERED:

DATED: April 19, 2012

*[signature]*
Hon. Mitchell D. Dembin
U.S. Magistrate Judge